IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVEN LAWRENCE SCHOONMAKER, )
a minor, by and through his )
parent and Natural guardian, )
MICHAEL SCHOONMAKER, )
  )
         Plaintiff, )
  )
    v. ) Civil Action No. 09-1569
  )
HIGHMARK BLUE CROSS BLUE SHIELD )
and HIGHMARK, INC. )
  )
         Defendants. )

<u>MEMORANDUM</u>

Gary L. Lancaster,                   May 10, 2010
Chief Judge.

       This is an ERISA case. Schoonmaker alleges that defendants, Highmark Blue Cross Blue Shield and Highmark, Inc. (collectively "Highmark") refused to pay Steven Schoonmaker's medical bills for residential mental health services and treatment under his father's group health insurance policy, in violation of the Employee Income Retirement Security Act ("ERISA"), 29 U.S.C. § 1001, <u>et</u> <u>seq</u>. Schoonmaker seeks monetary relief, including costs and attorneys' fees, as well as equitable relief.

       Schoonmaker filed a three-count complaint against Highmark. Count I asserts a wrongful denial of benefits claim pursuant to 29 U.S.C. § 1132(a)(1)(B). Count II asserts a breach of fiduciary duty claim pursuant to 29 U.S.C. § 1132(a)(3). Count III asserts a bad faith claim pursuant to Pennsylvania state law, 42 Pa. Cons. Stat. § 8371.

       Highmark has filed a partial motion to dismiss Count III

in its entirety and Count II to the extent it seeks relief beyond prejudgment interest because they are preempted by ERISA.

Schoonmaker concedes that Count III is preempted by ERISA. Thus, we will dismiss Count III with prejudice. As to Count II, Schoonmaker argues that at this early stage in the litigation, the equitable relief he seeks in Count II is not barred by the legal relief he seeks in Count I. We agree with Schoonmaker and will not dismiss Count II at this stage in the litigation.

I.  STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the

2

court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n.8.

II. DISCUSSION

In Count II of his complaint, Schoonmaker seeks equitable relief pursuant to section 29 U.S.C. § 1132(a)(3), specifically:

> Restitution of all past benefits due to Plaintiff under the Medical Plan, plus

3

> prejudgment and postjudgment interest at a lawful rate; [] A mandatory injunction ... requiring Highmark defendants to immediately qualify Plaintiffs for past medical benefits under the Medical Plan, and ... Such other and further relief as the Court deems necessary and proper to protect Plaintiffs' interests as a participant under the Medical Plan.

[Doc. No. 1 at ¶ 52].

Highmark argues that although Schoonmaker's request for prejudgment interest is appropriate, the remainder of the equitable relief that he seeks in Count II is preempted because a legal remedy under section 1132(a)(1)(B) provides adequate relief in this case.

Schoonmaker contends that Count II is not preempted by ERISA because relevant case law permits both monetary and equitable claims to be brought under ERISA unless or until it can be determined that a plaintiff will certainly or actually receive adequate monetary relief for his injuries under 29 U.S.C. § 1132(a)(1)(B).

In support of its position, Highmark relies primarily on Varity Corp. v. Howe, 516 U.S. 489 (1996), where the United States Supreme Court discussed the relationship between a legal claim for benefits under section 1132(a)(1)(B) and an equitable claim under section 1132(a)(3). The Supreme Court stated that it "should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be

4

'appropriate'." Id. at 515.

Although the Court of Appeals for the Third Circuit has not decided whether section 1132(a)(1)(B) and section 1132(a)(3) claims may be brought simultaneously, district courts within its jurisdiction have done so with varying results. Compare Parente v. Bell Atl. Pennsylvania, No. 99-5478, 2000 WL 419981, at *3 (E.D. Pa. Apr. 18, 2000) (denying motion to dismiss breach of fiduciary duty claim because a "plaintiff is only precluded from seeking equitable relief under § 1132(a)(3) when a court determines that plaintiff will certainly receive or actually receives adequate relief for her injuries under § 1132(a)(1)(B) or some other ERISA section"), and Wolfe v. Lu, No. 06-0079, 2007 WL 1007181, at *8 (W.D. Pa. Mar. 30, 2007) (same and citing cases), with Erbe v. Billeter, No. 06-0113, 2007 WL 2905890, at *14-15 (W.D. Pa. Sept. 28, 2007) (granting motion to dismiss breach of fiduciary duty claim under section 1132(a)(3) because "the relief Plaintiff seeks, under the guise of a breach of fiduciary duty claim, is the recovery of the monies due to her under the Plan"), and Hartman v. Wilkes-Barre Gen. Hosp., 237 F. Supp. 2d 552, 556-57 (M.D. Pa. 2002) (similar).

We find that Varity does not mandate dismissal of a section 1132(a)(3)(B) claim for equitable relief whenever a section 1132(a)(1)(B) claim for legal relief is also brought. Rather, we agree with the district courts in Wolfe and Parente that "under

5

<u>Varity</u>, a plaintiff is only precluded from seeking equitable relief under § 1132(a)(3) when a court determines that plaintiff <u>will certainly receive or actually receives</u> adequate relief for her injuries under § 1132(a)(1)(B) or some other ERISA section. <u>Wolfe</u>, 2007 WL 1007181, at *8-9 (quoting <u>Parente</u>, 2000 WL 419981, at *3) (citations omitted & emphasis in original).

At this early stage in the proceedings, we simply cannot make the determination of whether section 1132(a)(1)(B) would in fact provide Schoonmaker with adequate relief. Therefore, Schoonmaker should be allowed to pursue both legal and equitable claims under ERISA at this juncture. Highmark's motion to dismiss Count II will be denied, without prejudice.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN LAWRENCE SCHOONMAKER, a minor, by and through his parent and Natural guardian, MICHAEL SCHOONMAKER, <br><br> Plaintiff, <br><br> v. <br><br> HIGHMARK BLUE CROSS BLUE SHIELD and HIGHMARK, INC. <br><br> Defendants. | Civil Action No. 09-1569 |

ORDER

AND NOW, this 10th day of May, 2010, upon consideration of defendants' partial motion to dismiss [Doc. No. 24] and the documents related thereto, IT IS HEREBY ORDERED that defendants' motion to dismiss Count III is GRANTED, with prejudice.

IT IS FURTHER ORDERED that defendants' motion to dismiss Count II is DENIED, without prejudice.

BY THE COURT:

/s/ [signature], C.J.

cc: All Counsel of Record